```
        IN THE UNITED STATES DISTRICT COURT FOR THE
                 SOUTHERN DISTRICT OF GEORGIA
                       AUGUSTA DIVISION
```

| | |
|---|---|
| JAMES H. NORMAN, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>         v.<br><br>KONINKLIJKE PHILIPS N.V.;<br>PHILIPS NORTH AMERICA, LLC;<br>and PHILIPS RS NORTH AMERICA, LLC,<br><br>    Defendants. | *<br>*<br>*<br>*<br>*   CV 121-131<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

# O R D E R

Before the Court is Defendants Philips North America, LLC and Philips RS North America, LLC's (collectively the "Philips Defendants") motion to stay proceedings pending a decision by the Judicial Panel on Multidistrict Litigation ("JPML"). (Doc. 5.) For the following reasons, the Philips Defendants' motion is **GRANTED**.

## I. BACKGROUND

Plaintiff filed this class action suit against the above-named Defendants alleging numerous claims involving recalled medical devices. (See Compl., Doc. 1; Doc. 5-1, at 5.) The Philips Defendants represent that there are "[m]ore than 60 other

lawsuits . . . making similar allegations concerning the recall and asserting similar claims" that have been filed and that similar suits continue to be filed across the country. (Doc. 5-1, at 5.) Due to this, a plaintiff in another case filed a motion for transfer and coordination or consolidation with the JPML, requesting to centralize all of the suits, including this one. (Id. at 6.)

## II. DISCUSSION

### A. Legal Standard

The power to stay a proceeding is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). A district court therefore has broad discretionary authority in determining whether a stay is appropriate. CTI-Container Leasing Corp. v. Uiterwyk Corp., 685 F.2d 1284, 1288 (11th Cir. 1982); see also Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1366 (11th Cir. 1997) ("[D]istrict courts enjoy broad discretion in deciding how best to manage the cases before them.").

In making its determination, a court may consider the prudential advantages of a stay, "but must also examine the relative prejudice and hardship worked on each party if a stay is

or is not granted." <u>Dise v. Express Marine, Inc.</u>, No. 08-0127, 2008 WL 2163920, at *3 (S.D. Ala. May 19, 2008) (citation omitted).

**B. Analysis**

The Philips Defendants have set forth strong arguments about the benefits of a stay in this case. A stay will save judicial resources because the multidistrict litigation could avoid duplicative pretrial practices and promote judicial economy by consolidating discovery efforts. (Doc. 5-1, at 12.) Further, they argue that since the JPML briefing was completed in August 2021, a decision will probably be made soon, so the stay will "likely be very brief and will not prejudice Plaintiffs." (<u>Id.</u> at 10.) The Philips Defendants have conferred with opposing counsel who indicated the Plaintiffs do not oppose the motion; however, they do intend to file an amended complaint and a waiver of summons for Defendant Koninklijke Philips N.V., which they ask to not be precluded by any stay. (Doc. 5, at 2 n.1.)

The Court is satisfied that since the case is still in its preliminary stages, a stay pending the JPML decision would conserve judicial resources and be in the best interest of the Parties. Accordingly, this matter is **STAYED** pending the ruling of the JPML. This stay shall not prevent the Plaintiffs from filing an amended complaint or a waiver of summons.

3

### III. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that the Philips Defendants' motion to stay (Doc. 5) is **GRANTED** and the Clerk is directed to **STAY** all proceedings in this case. The Parties **SHALL FILE** an update with the Court within **SEVEN (7) DAYS** of a decision by the JPML as to the motion for transfer and coordination or consolidation.

**ORDER ENTERED** at Augusta, Georgia, this 24th day of September, 2021.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA